Jones, J. (dissenting).
I cannot agree that this unusual case is entitled to further judicial vitality. When the case was first before us we concluded that we could not say "that the agreement is unfair as a matter of law. The crucial question is whether the defendant attorney established that the contract 'was made by the client with full knowledge of all material circumstances known to the attorney, and was in every respect free from fraud * * * and that a reasonable use was made by the attorney of the confidence reposed in him’ [citation omitted]. The trial court held that he did, and that factual determination is beyond review in this court since the findings of fact have not been thus far overturned by the Appellate Division” (38 NY2d 695, 699). Because the Appellate Division’s affirmance of the dismissal in Supreme Court had been grounded in a determination of law, we then remitted the case to that court as we were entitled to do for a review of the facts.
*424 That review has now been made, and, rather than overturning the factual determinations of the trial court, a majority at the Appellate Division affirmed the judgment of the lower court "for the reasons set forth in the well considered and sound opinion of the trial court, arrived at after a lengthy trial during the course of which both parties had ample opportunity to present their proofs” (55 AD2d 181, 182).
In my analysis, confronted with affirmed determinations of fact, we are now powerless other than to affirm the dispositions below.
Chief Judge Breitel and Judges Gabrielli and Cooke concur with Judge Wachtler; Judge Jones dissents and votes to affirm in a separate opinion in which Judges Jasen and Fuchsberg concur.
Order reversed and the case remitted to Supreme Court, New York County, for a new trial, with costs to abide the event.